IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHIRLEY PALMER and GERALD PALMER,
husband and wife,

      Plaintiffs,

vs.                                             No. CIV 97-1296 MV/WWD

GIANT INDUSTRIES ARIZONA, INC.,
an Arizona corporation d/b/a GIANT TRAVEL
CENTER and GIANT INDUSTRIES, INC.,
a Delaware corporation d/b/a GIANT TRAVEL
CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss or in the Alternative to Vacate Trial Setting, filed February 22, 1999 **[Doc. 36]**. Plaintiffs initially failed to respond and then filed a late response only after requested to do so by the Court. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED IN PART**, and further finds that sanctions against Plaintiffs' counsel are appropriate, as explained below.

## ANALYSIS

Defendants request that the Court dismiss this case as a sanction for Plaintiffs' failure to file the Pre-Trial Order by January 14, 1999, as required by the Initial Pretrial Report. Defense counsel asserts that he made many attempts to get Plaintiffs to comply with their obligations and to submit their portion of the Pre-Trial Order. The Court's staff also called Plaintiffs' counsel three times in

January and February in an attempt to get Plaintiffs' portion of the Pre-Trial Order. Plaintiffs' counsel failed to even return these calls. Plaintiffs' counsel then failed to respond to Defendants' motion to dismiss within the time required by the local rules. Only after the Court's law clerk conducted a telephone conference call with the parties inquiring why the Plaintiffs had failed to respond did Plaintiffs' counsel file a response. The Court also notes that when its law clerk called Plaintiffs' counsel, she was told that neither of the attorneys handling the case were in the office, and was even told that Rebecca Branch was out of town. When the law clerk informed the secretary that this case would be dismissed, Ms. Branch suddenly became available. At that time, Ms. Branch indicated she would not be prepared for trial, even though she had known for several months that this case was set for trial on April 5, 1999. Plaintiffs' counsel at that time also promised to file a response to Defendant's Motion to Dismiss by the end of the day March 2, 1999. The response was not in fact received until March 3, 1999. Oddly, Plaintiffs' counsel did not provide a copy of her response to Defendants' counsel, leaving the Court to provide Defendants' counsel with a copy. Plaintiffs' response itself promises that the Plaintiffs' portion of the Pre-Trial Order would be filed by March 4, 1999. As of March 8, 1999, Defendants had still not received the Pre-Trial Order and as of March 9, 1999, the Court has still not received the Order.

In an attempt to explain their failure to abide by the deadlines imposed by this Court, Plaintiffs' counsel states that she was seriously ill in early January and that her assistant was unavailable due to the illness and subsequent death of her father in the same time period. While the Court sympathizes with these circumstances, the explanation fails to account for the behavior of Plaintiffs' counsel in this case. Plaintiffs' counsel were ignoring deadlines in this case as far back as September 1998, when counsel failed to respond to Defendants' Motion to Strike Plaintiffs' Expert

2

Witness. Further, regardless of whatever hardships Ms. Branch and her assistant faced in January when the Order was initially due, it is now March, more than a month later, and the Order has still not been filed, even after the court's law clerk informed Ms. Branch that this case was in grave danger of dismissal. Finally, counsel of record in this case is not Rebecca Branch but Turner Branch and C. William Gerhardt of Shreveport, Louisiana. While the Court appreciates that Mr. Turner is free to delegate his work to other partners or associates at his firm, he is ultimately responsible for every case in which he is named as counsel of record. Plaintiffs' counsel have failed to even proffer an explanation as to why the two gentlemen who claim to represent these Plaintiffs have failed to insure that their interests were in fact being represented in even the most minimally acceptable manner.

The behavior of Plaintiffs' counsel in this case falls far below what this Court expects from even its *pro se* litigants. The utter disregard of Plaintiffs' counsel to the deadlines imposed by this Court is particularly disturbing given that Plaintiffs are the ones who have hauled these Defendants into Court. For the Defendants to diligently attend to their responsibilities while Plaintiffs fail to even submit their Pre-Trial Order within a month of the deadline is unacceptable conduct to say the least.

Because the Court does not wish to punish Plaintiffs for the unacceptable conduct of their attorneys, the Court will not dismiss this case at this time. However, the Court's patience in this matter has been exhausted. Plaintiffs' counsel has five days from the date of this Order to file the Pre-Trial Order with this Court. If Plaintiffs' counsel fails to meet this deadline, the case will be promptly dismissed. In the expectation that Plaintiffs will in fact comply, the Court will vacate the trial setting and reset this case for trial on May 10, 1999.

Further, the Court concludes that sanctions are appropriate against Plaintiffs' counsel. The Court therefore orders Plaintiffs' counsel to pay Defendants all reasonable attorneys' fees and costs incurred as a result of their failure to comply with Court imposed deadlines. Defendants' counsel is instructed to file an affidavit in support of his attorney's fees and costs.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **[Doc. No. 36]** is **GRANTED IN PART**. If Plaintiffs fail to file the Pre-Trial Order within five days of the entry of this order, this case will be dismissed. In the expectation that Plaintiffs will meet this deadline, the trial setting is continued until May 10, 1999. It is further ordered that Plaintiffs' counsel will pay Defendants' attorneys fees and costs as a sanction for their failure to abide by Court imposed deadlines. Defendants' counsel is to file an affidavit with the Court explaining what costs where incurred as a result of Plaintiffs' failure to meet these deadlines.

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiffs:
    Turner Branch
Attorneys for Defendants:
    J.E. Casados